UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID COHEN, et al.,

    Plaintiffs,

v.

CASE NO. 8:13-cv-00125-EAK-TGW

CAREER EDUCATION CORPORATION,
and INTERNATIONAL ACADEMY OF
MERCHANDISING & DESIGN, INC.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

This cause is before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 10), Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 15), and Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 31). For the reasons set forth below, Defendants' motion is **GRANTED**.

### PROCEDURAL HISTORY

Plaintiffs, David Cohen and others similarly situated, filed this action on Jan. 14, 2013, in the Middle District of Florida. Defendants, Career Education Corp. ("CEC") and International Academy of Merchandising and Design, Inc. ("IADT"), filed the Motion to Compel Arbitratoin and Stay Proceedings (Doc. 10) on Feb. 11, 2013. Plaintiffs filed the Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 15) on Mar. 15, 2013. Defendants filed the Reply to Plaintiffs'

1

Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 31) on June 21, 2013.

## STATEMENT OF THE FACTS

Plaintiffs are current and former students of IADT, a for-profit educational institution that offers degree programs in fashion design, interior design, graphic design, photography, audio production, and web design and development. IADT is a wholly owned subsidiary of CEC. Plaintiffs brought this action alleging violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with common law claims of unjust enrichment, breach of fiduciary duty, and civil conspiracy. Defendants now move to compel arbitration on all claims based on arbitration provisions in the students' enrollment agreements. Plaintiffs signed one of two enrollment agreements, referred to as either the 2005 Agreement or 2009 Agreement. The 2005 Agreement contained the following arbitration provision:

> Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career service assistance by IADT or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the school catalog to the satisfaction of the student, then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect or in accordance with procedures that the parties agree to in the alternative.

Dkt. 10-1.

The 2009 Agreement contained the following arbitration provision:

> Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or

2

education; (iii) financial aid or career service assistance by IADT; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding the Student's relationship with IADT, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration Agreement").

Dkt. 10-1.

The 2009 Agreement further provides that arbitration shall be administered by the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF").

Plaintiffs contest the validity of the arbitration provisions, arguing that they are unconscionable and violate Florida public policy. Plaintiffs contend this Court, rather than an arbitrator, should determine whether the arbitration provisions are valid.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Although the FAA governs the applicability of arbitration agreements, state law governs issues "concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). Whether the parties have a valid arbitration agreement is usually a question for the court to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Where the parties "clearly and unmistakably" defer decisions of validity to the arbitrator, the court shall compel arbitration without assessing the arbitration agreement's validity. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

The Eleventh Circuit has held that an agreement to follow AAA rules is a clear and unmistakable delegation of authority to the arbitrator to determine the validity of the

arbitration agreement. *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005). The court indicated that, by incorporating the AAA rules into the arbitration agreement, the parties had contracted out of the default rule that would have the court assessing the arbitration agreement's validity. *Id.* at 1333.

The 2005 and 2009 Agreements provide that arbitration shall proceed in accordance with AAA rules. AAA Rule 7(a) gives the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." Under *Terminix*, this "clearly and unmistakably" delegates the issue of validity to the arbitrator. *Terminix*, 432 F.3d at 1332.

Accordingly, it is **ORDERED** that Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 10) is **GRANTED**. The Clerk of Court is directed to administratively close this case pending outcome arbitration and all other pending motions shall be terminated but may be renewed if later appropriate.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28 day of June 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record